IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTA L. SMITH and STEPHANIE WRIGHT, | : |
| | : |
| Plaintiffs, | : CIVIL ACTION |
| | : NO. _____ |
| v. | : |
| URBAN OUTFITTERS, INC., | : JURY TRIAL DEMANDED |
| Defendant. | : |

## COMPLAINT

Plaintiffs Krista L. Smith and Stephanie Wright ("Plaintiffs") bring this lawsuit against Defendant Urban Outfitters, Inc. seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  In addition, Plaintiff Smith brings an individual claim under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.       Jurisdiction over Plaintiff Smith's individual PMWA claim is proper pursuant to 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

## THE RELEVANT TIME PERIOD

4.      The FLSA and PMWA permit employees to recover unpaid wages and liquidated damages for up to three years prior to the filing of this lawsuit.  Accordingly, the allegations set forth herein concern Plaintiffs' employment relationship with Defendant since April 21, 2007.

## PARTIES

5.      Defendant Urban Outfitters, Inc. is a "leading lifestyle specialty retail company that operates under the Urban Outfitters, Anthropologie, Free People and Terrain brands." Defendant's principal place of business is located at 5000 South Broad Street, Philadelphia, Pennsylvania.  Defendant owns and operates approximately 121 stores as part of its Anthropologie brand nationwide.

6.      Plaintiff Krista L. Smith ("Smith") is an individual residing in Exton, Pennsylvania and worked as a Display Coordinator for Defendant from approximately October 2007 until March 2010.  Throughout her employment as a Display Coordinator with Defendant, Smith was assigned to Defendant's Anthropologie brand store located at the Shoppes at Brinton Lake in Glen Mills, Pennsylvania.

7.      Plaintiff Stephanie Wright ("Wright") is an individual residing in Woodlyn, Pennsylvania and worked as a Display Coordinator for Defendant from approximately April 2009 until April 2010.  Throughout her employment as a Display Coordinator with Defendant, Wright was assigned to Defendant's Anthropologie brand store located in Marlton, New Jersey.

8.      Defendant is an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

9.      Defendant employs thousands of employees engaged in interstate commerce.

2

10.     Defendant has gross operating revenues in excess of $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

11.     Defendant is an employer covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA and PMWA.

### FACTS PERTAINING TO PLAINTIFF SMITH

12.     Throughout her employment with Defendant, Smith was regularly scheduled to work 40 hours each workweek.

13.     Throughout her employment with Defendant, Smith was paid an hourly wage.

14.     As discussed below, Defendant failed to pay Smith for all of the time Smith spent performing her day-to-day work activities for Defendant.

15.     Defendant denied Smith pay for her work activities by offering her future time off or "comp time" during a subsequent week instead of paying Smith overtime compensation for hours worked over 40 in a particular workweek.

16.     Defendant denied Smith pay for her work activities by changing or modifying her weekly time sheet to eliminate or reduce the hours worked over 40 during the workweek.

17.     Defendant denied Smith pay for her work activities by clocking her out of Defendant's timekeeping system while Smith still was performing her day-to-day work activities for Defendant.

18.     Defendant denied Smith pay for her work activities by instructing Smith not to record on her time sheet hours worked over 40 in a workweek.

19.     Since Smith was regularly scheduled to work 40 hours each workweek, her uncompensated work time would be considered overtime and thus compensable at an overtime premium rate of at least one and one-half times her regular hourly pay.

20.     In failing to provide Smith with the legally mandated compensation for hours worked over 40 in a workweek, Defendant acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

## FACTS PERTAINING TO PLAINTIFF WRIGHT

21.     Throughout her employment, Wright was regularly scheduled to work 40 hours each workweek.

22.     Throughout her employment with Defendant, Wright was paid an hourly wage.

23.     As discussed below, Defendant failed to pay Wright for all of the time Wright spent performing her day-to-day work activities for Defendant.

24.     Defendant denied Wright pay for her work activities by offering her future time off or "comp time" during a following week instead of paying Wright overtime compensation for hours worked over 40 in a particular workweek.

25.     Defendant denied Wright pay for her work activities by changing or modifying her weekly time sheet to eliminate or reduce the hours worked over 40 during the workweek.

26.     Defendant denied Wright pay for her work activities by instructing Wright not to record on her time sheet hours worked over 40 in a workweek.

27.     Since Wright was regularly scheduled to work 40 hours each workweek, her uncompensated work time would be considered overtime and thus compensable at an overtime premium rate of at least one and one-half times her regular hourly pay.

28.     In failing to provide Wright with the legally mandated compensation for hours worked over 40 in a workweek, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT I
### (Alleging Violations of the FLSA on behalf of Smith and Wright)

29.    All previous paragraphs are incorporated as though fully set forth herein.

30.    Plaintiffs are employees entitled to the FLSA's protections.

31.    Defendant is an employer covered by the FLSA.

32.    The FLSA entitles employees to compensation for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

33.    The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek.  *See* 29 U.S.C. § 207(a)(1).

34.    Defendant violated the FLSA by failing to compensate Plaintiffs for all hours worked and by failing to pay Plaintiffs the legally mandated overtime premium rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.  Therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

35.    In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and thus constitute a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

## COUNT II
### (Alleging Violations of the PMWA on behalf of Smith Only)

36.    All previous paragraphs are incorporated as though fully set forth herein.

37.    Smith was an employee entitled to the PMWA's protections.

38.    Defendant is an employer covered by the PMWA.

39.     The PMWA entitles employees to compensation for every hour worked in a workweek.  *See* 43 P.S. § 333.104(a).

40.     The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

41.     Defendant violated the PMWA by failing to compensate Smith with the legally mandated overtime premium and by failing to pay Smith for all hours worked.

42.     In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs seek the following relief:

A.     Compensatory and back pay damages to the fullest extent permitted under federal and state law;

B.     Liquidated damages and pre-judgment interest to the fullest extent permitted under federal and state law;

C.     Litigation costs, expenses, and attorney's fees to the fullest extent permitted under federal and state law; and

D.     Such other and further relief as this Court deems just and proper.

<u>**JURY TRIAL DEMANDED**</u>

Plaintiffs demand a jury trial as to all claims so triable.

Date:  April 21, 2010                    /s/ R. Andrew Santillo
                                         Peter Winebrake
                                         R. Andrew Santillo
                                         THE WINEBRAKE LAW FIRM, LLC
                                         Twining Office Center, Suite 211
                                         715 Twining Road

Dresher, PA 19025
Phone:  (215) 884-2491
Fax: (215) 884-2492
Email: asantillo@winebrakelaw.com
         pwinebrake@winebrakelaw.com

*Attorneys for Plaintiffs*